UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CAROLYN SHENK,

                Plaintiff,

    -against-

SOCIAL SECURITY ADMINISTRATION,
MICHAEL ASTRUE; MISS BIONDADILLDO,
FRANCIS, CABAN, CHAN, *et al.*,

                Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-4386 (SLT)

**TOWNES, United States District Judge:**

On August 21, 2012, plaintiff Carolyn Shenk,[1] appearing *pro se*, commenced this action by filing a complaint, a proposed order to show cause, a memorandum of law, and a request to proceed *in forma pauperis* with the United States District Court for the Southern District of New York (the "Southern District"). In her complaint, plaintiff alleged that on July 1, 2012 and August 1, 2012, defendant Biondadilldo stopped her social security payments without notice and that the other defendants ignored her requests for assistance in resolving this issue. Plaintiff principally sought immediate injunctive relief.

On August 24, 2012, plaintiff requested permission in this Court to file via facsimile a complaint, a proposed order to show cause, a memorandum of law, a request to proceed *in forma pauperis* and some exhibits. Except for two of the exhibits and some minor, handwritten alterations to some of the other documents, the items plaintiff sought permission to fax were

---

[1] The Court notes that plaintiff spells her last name alternatively as "Shenk" and "Schenk." In plaintiff's prior cases in this Court, she has spelled her name as "Schenk." *See Schenk v. Citibank*, No. 10-CV-2856 (SLT)(LB); *Schenk v. City of New York*, No. 08-CV-914 (SLT)(LB).

identical to those which she had previously filed with the Southern District. However, plaintiff made no mention of the Southern District action.

The Chief Judge of this Court allowed plaintiff to commence the action via facsimile, noting that permission was granted "in this single instance only" and that plaintiff did not "have permission to file any further documents in this action by facsimile, or in any other action before the Court." *Schenk v. Social Security Admin.*, No. 12-CV-4370 (SLT), slip op. (E.D.N.Y. Aug. 30, 2012). This Court subsequently granted plaintiff's motion to proceed *in forma pauperis* and directed defendants to respond to plaintiff's order to show cause by September 7, 2012. This Court also directed the parties to appear on September 14, 2012 at 2:30 p.m.

By Order dated August 29, 2012, the Southern District's Chief Judge transferred the instant action to this Court, noting that plaintiff resides in Staten Island and that venue is proper in the Eastern District of New York. That order specifically noted that the question of whether plaintiff should be permitted to proceed *in forma pauperis* was reserved for this Court. This Court hereby grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a) solely for the purpose of this Memorandum and Order. However, since this action is a duplicate of the action filed directly with this Court on August 24, 2012, and docketed as *Schenk v. Social Security Admin.*, No. 12-CV-4370 (SLT), this action is dismissed.

"[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000). Accordingly, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Id.* at 138. "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the

comprehensive disposition of litigation, and to protect parties from the vexation of concurrent litigation over the same subject matter." *Id.* (internal quotations and citations omitted).

District courts have discretion as to whether to exercise this power to dismiss or to take alternative steps, such consolidating duplicative actions. *Id.* at 138-39. "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* at 138. This Court has considered the equities in this case, and concludes that no useful purpose would be served by entertaining this duplicative action against defendants.

## *CONCLUSION*

For the reasons set forth above, this action is dismissed as a duplicate of *Schenk v. Social Security Admin.*, No. 12-CV-4370 (SLT). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Sandra L. Townes

SANDRA L. TOWNES
United States District Judge

Dated: September 14, 2012
Brooklyn, New York

3